**Timothy A. BROWN, Plaintiff–Appellee,**

v.

**Robert J. LOWEN, F. Elwood Kyser, International Organization of Masters, Mates and Pilots, Defendants–Appellants.**

No. 88–2876.

United States Court of Appeals,
Fourth Circuit.

Argued April 10, 1989.

Decided Nov. 17, 1989.

W. Michel Pierson, Baltimore, Md., for defendants-appellants.

Paul Alan Levy (Arthur L. Fox, II, Alan B. Morrison, Public Citizen Litigation Group, Washington, D.C., on brief), for plaintiff-appellee.

Helen Boetticher, Counsel for Litigation (Jerry G. Thorn, Acting Sol., John F. Depenbrock, Associate Sol., Barton S. Widom, Deputy Associate Sol., Sharon E. Hanley, U.S. Dept. of Labor, Washington, D.C., on brief), for amicus curiae.

Before ERVIN, Chief Judge, and RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
IN BANC

PER CURIAM:

The en banc court adopts the majority panel opinion sustaining the district court's grant of an affirmative injunction in favor of the plaintiff-appellee against the defendants-appellants, as its opinion herein. *Brown v. Lowen,* 857 F.2d 216 (4th Cir. 1989). Judge Hall, however, adheres to his dissent to the panel opinion and relies on it in dissent to the en banc decision herein, and Judge Phillips in joining Judge Hall's dissent has filed a separate dissenting statement of his views.

AFFIRMED.

PHILLIPS, Circuit Judge, dissenting:

I agree with Judge Hall's view, and that of the Third and Ninth Circuits, as I understand them, that the first step in assessing the reasonableness, under § 481(c), of a candidate's request that is at odds with a union's general rule on the subject, is to consider whether the general rule is unfair or arbitrary in its general application. If a union's general rule is not unfair or arbitrary in its general application, then a candidate's request to be exempted from its requirements is obviously "unreasonable." If this is not so, then there is little reason for unions to attempt to regulate election procedures by general rules. All of us can probably demonstrate from time to time that general rules of one kind or another—from traffic laws to income tax laws—are unreasonable in their particular applications to us, hence that our request for specific exemptions would be "reasonable" if assessed independently of the general rule's justification. For democracy to work in union affairs as in affairs at large, however, it must be considered unreasonable for an individual to insist upon being made a special case, exempt from the requirements of general laws that are not unfair or arbitrary in their general application.

Because the district court failed to apply this principle, I would vacate the preliminary injunction and remand for further proceedings faithful to it.